Hosea, J.
Heard on demurrer tb petition.'
Tbe petition .avers in substance that on March 3, 1906, plaintiff delivered to defendant a case of clothing and advertising matter of the value of $414.50, which defendant agreed to transport to Mobile, Alabama, and there deliver (no consideration being alleged) to a connecting carrier to West Bend, Alabama; and that defendant failed to .deliver to-the connecting carrier at Mobile within a reasonable time, but did deliver on May 18,. 1906; that the consignee at West Bend refused to receive said *590 goods; that in May, 1906, plaintiff notified defendant that the goods were “out of season” and were worth, no more than fifty per cent, of the invoice price and offered to receive back the goods with fifty per cent, of the said value in cash, which the defendant declined; that in January, 1907, defendant notified plaintiff that the goods were returned to Cincinnati, and in February, 1907, defendant refused plaintiff’s claim and plaintiff “does not know what has become of the goods” and brings this suit for the value of $414.50, with interest from April 1, 1906.
The demurrer is on two grounds, viz: (1) for want of capacity to sue; and (2) for want of facts sufficient to constitute a cause of action.
Considering the general demurrer first, the law has been long established substantially as follows:
Where no time limit is expressly agreed upon the law en-grafts upon the contract of carriage the duty to carry with all convenient dispatch and deliver within a reasonable time. But as to the implied contract or duty the responsibility of the carrier is only that of an ordinary bailee for hire, and, upon failure to so deliver in reasonable time it becomes liable only for such damage as the bailor may have suffered in consequence of negligence. The bailor is still bound to receive the goods and can not refuse them and hold the carrier liable for their value; and though the delay be ever so long the owner can not charge the carrier for the value as for conversion, if they .are'safely kept, unless they have been demanded and delivery refused. '2 Hutchinson on Carriers, Section 651; 9 Cent. Dig., Title, Carriers, Section 456.
These principles are but the application of more general doctrines common to contracts generally and are subject to further limitation, namely: The damages which one party to a contract ought to recover in respect to a breach of it by the other are such as arise in the natural course of things from the breach or such as may reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach. Moreover, the party injured is bound to use all reasonable means to arrest the loss, .and can not stand idly by *591 and permit the loss to increase ,and then hold the wrongdoer for the loss he himself might have prevented. These principles are so universally recognized as to require no specific citation of authorities. See, generally, 13^ Cyc., 32] 71.
It is. sufficiently obvious in the ease at bar that the damages claimed .are not such as would arise in -the natural course from the breach — as would be the case of known commodities perishable in the course of nature. They must therefore fall under the class of consequential damages contemplated by the parties, or fall without .the pale of the law .altogether. But knowledge on the part of the carrier of the character of these goods in respect of the damages claimed, or of .any of the special circumstances upon which -the claim of damages .is wholly predicated is not alleged; and no facts are pleaded from which it can be inferred that these matters were within the contemplation of the parties in making the contract of carriage. The general rule of law on this point is, that in such cases the carrier must be notified of the facts and special circumstances, where they are not apparent from the transaction itself; otherwise he is not liable in respect of a loss occasioned by such special circumstances.
But in any such ease the measure of damages is not the value of the goods, but the loss of the benefit of the transportation; that is, where the action is for 'negligent delay in transportation; ■the decline in market value between the date when the goods should have been delivered, if transported with reasonable diligence, and the time when they were actually delivered. Collard v. S. E. R. Co., 7 H. & N., 79.
These various suggestions aré made with a view to proper amendment, if the facts warrant amendment. As the .petition stands, no cause of action is stated.to support the judgment asked; and the general demurrer must be sustained, for the reason and upon the authorities given, and also upon Express Co. v. Smith, 33 Ohio St., 511; Devereaux v. Buckley, 34 Ohio St., 16.
The special demurrer is also well taken. The petition does not show that the plaintiff is ,a partnership “formed for the purpose of carrying on a trade or business in this state.” Sec *592 tion. 5011, Revised Statutes; Platl v. Colvin, 50 Ohio St., 703 (707); Haskins v. Alcott, 13 Ohio St., 210.
Moulinier, Bettman & Hunt, for plaintiff.
Kinkead, Rogers & Ellis, contra.
If, in view .of the unknown quantity “and company” in the firm name the partnership has failed or shall fail to file certificates as required by Section 3170-1, this fact may be taken advantage of by w.ay of defense in any further proceedings. Demurrer sustained with ten days leave to amend.